UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEOFFREY STEINER,

    Plaintiff,

vs.                                          Case No. 8:15-cv-02347-T-27TGW

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 13), which Plaintiff opposes (Dkt. 14). Upon consideration, Defendant's motion is **DENIED**.

Plaintiff Geoffrey Steiner alleges that Defendant Ocwen Loan Servicing, LLC ("Ocwen") violated the Florida Consumer Collection Practices Act ("FCCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Telephone Consumer Protection Act ("TCPA"), by contacting him about a debt after he told Ocwen to stop contacting him and to contact his attorney (Dkt. 12).

*Standard*

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

1

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). All of the factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## *Discussion*

Ocwen argues that the Amended Complaint should be dismissed because it fails to properly allege that Ocwen is a debt collector for the purposes of the FDCPA, fails to identify violations of the FDCPA and FCCPA, and fails to plausibly state a TCPA claim. These arguments are unpersuasive.

To state a FDCPA claim, "a plaintiff must allege, among other things, [] that the defendant is a debt collector. . . ." *Reese v. Ellis, Painter, Ratterree & Adams LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). Plaintiff provides sufficient factual allegations to infer that Ocwen is a debt collector within the meaning of the FDCPA. The Amended Complaint alleges that the debt in question is the subject of a debt-collection lawsuit by Ocwen and that the debt is actually due to a third party investor, and not Ocwen. (Dkt. 12 ¶¶ 13–15). These allegations permit an inference that Ocwen

2

"regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," the statutory definition of debt collector. 15 U.S.C. § 1692a(6); *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1299 (11th Cir. 2012).

Ocwen is also properly on notice of the nature of the FDCPA and FCCPA claims. Counts I and II identify collection activity by Ocwen that continued after Steiner told Ocwen that he was represented by an attorney and wanted Ocwen to cease communication. (Dkt. 12 ¶¶ 8–9, 16–17). These alleged communications violate the FDCPA and the FCCPA. *See* 15 U.S.C. § 1692c(a)(2); Fla. Stat. § 559.72(18).

The Amended Complaint also states a TCPA claim. The Amended Complaint alleges that Ocwen continued to contact Steiner after he "requested that Ocwen cease all communication," and that the calls were made using an autodialer. (Dkt. 12 ¶¶ 22–24). Steiner provides sufficient detail to put Ocwen on notice of the TCPA claim, including the date of one of the calls, Steiner's telephone number, and the number Ocwen called from. (*Id.*)

Accordingly, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 13) is **DENIED**. Defendant shall answer the Amended Complaint within 14 days.

**DONE AND ORDERED** this 31st day of March, 2016.

**JAMES D. WHITTEMORE**
United States District Judge

Copies to: Counsel of Record

3