**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GEOFFREY STEINER,

    Plaintiff,

v.                                    Case No:  8:15-cv-02347-JDW-TGW

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## CASE MANAGEMENT REPORT

1.     <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), the undersigned counsel first held a meeting to discuss this case management report on November 20, 2015 at 11.30 a.m.; however, the case was subsequently dismissed without prejudice with leave to amend.  [See Doc. 7.]  Following the Court's ruling on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, the undersigned counsel conferred again on March 28, 2016 by telephone:

| **Name** | **Counsel for (if applicable)** |
|---|---|
| **Michael Wayslik** | **Counsel for Plaintiff** |
| **Elizabeth J. Campbell** | **Counsel for Defendants** |

2.     <u>Initial Disclosures</u>:

    a.  Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based,

1

including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

**The parties have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information by <u>April 30, 2016</u>.**[2]

    3.    <u>Discovery Plan - Plaintiff</u>:  The parties jointly propose the following Plaintiff's discovery plan:

    a.  <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (1)  <u>Requests for Admission</u>:

**Plaintiff will issue requests for admission in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District on or before September 30, 2016.**

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

    (2)  <u>Written Interrogatories</u>:

**Plaintiff will issue interrogatories in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District on or before September 30, 2016.**

---

    [1]    A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.  <u>See</u> Fed. R. Civ. P. 26(a)(1).

    [2]    Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan."  Fed. R. Civ. P. 26(a)(1).  Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order.  <u>See</u> Fed. R. Civ. P. 26(a)(1).

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

**Plaintiff will issue requests for production in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District on or before September 30, 2016.**

(4) Oral Depositions:

**Plaintiff will take no more than 10 depositions, on or before December 15, 2016, with each deposition to last no more than seven hours. These depositions will comply with the Federal Rules of Civil Procedure and the Local Rules of this District.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

b. Disclosure of Non-Expert Testimony: Parties stipulate that they will disclose all non-expert witnesses by the date listed below (no later than 60 days prior to the pre-trial conference):

**September 30, 2016**

c. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**October 31, 2016**

      d.  Supplementation of Disclosures and Responses:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Supplementation of Disclosures and Responses will be made in a timely manner if the plaintiff learns that in some material respect the disclosures or discovery response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. The supplements will comply with the Federal Rules of Civil Procedure and the Local Rules of this District.**

      d.  Completion of Discovery:  Plaintiff will commence all discovery in time for it to be completed as follows:  **written fact discovery will be completed on or before November 30, 2016, oral fact discovery will be completed on or before November 30, 2016, and expert discovery will be completed on or before December 31, 2016.**

4.    Discovery Plan - Defendants:  The parties jointly propose the following Defendants' discovery plan:

      a.  Defendants' Planned Discovery: A description of every discovery effort Defendants plan to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1)  Requests for Admission:

**Defendant will issue requests for admission in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District on or before September 30, 2016.**

Number of Requests for Admission:  Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

      (2)  Written Interrogatories:

**Defendant will issue written interrogatories in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District on or before September 30, 2016.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendants to exceed this limit must be made in paragraph 6 below and approved by the court.

(3)  Requests for Production or Inspection:

**Defendant will issue requests for production in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District on or before September 30, 2016.**

(4)  Oral Depositions:

**Defendant will take no more than 10 depositions, on or before December 15, 2016, with each deposition to last no more than seven hours. These depositions will comply with the Federal Rules of Civil Procedure and the Local Rules of this District.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendants to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

b. Disclosure of Non-Expert Testimony: Parties stipulate that they will disclose all non-expert witnesses by the date listed below (no later than 60 days prior to the pre-trial conference):

**September 30, 2016**

c. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**October 31, 2016**

    d.  <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Supplementation of Disclosures and Responses will be made in a timely manner if the plaintiff learns that in some material respect the disclosures or discovery response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. The supplements will comply with the Federal Rules of Civil Procedure and the Local Rules of this District.**

    e.  <u>Completion of Discovery</u>:  Defendants will commence all discovery in time for it to be completed as follows:  **written fact discovery will be completed on or before November 30, 2016, oral fact discovery will be completed on or before November 30, 2016, and expert discovery will be completed on or before December 31, 2016.**

5.    <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**If it becomes necessary, the parties agree to enter into a separate agreement regarding the disclosure and maintenance of confidential information and documents.**

6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery:  **<u>None at this time</u>**.

7.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing:

a.  motions for leave to file third party claims and/or motions to join parties should be filed on or before **July 1, 2016**.

b.  motions for summary judgment and all other potentially dispositive motions should be filed on or before **January 30, 2017**. (Note time limit in Local Rule 4.03.)

8.  <u>Settlement and Alternative Dispute Resolution</u>:  Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
 **X likely**        (check one)
 ___unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).     ___yes   **X no**      ___likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

     9.    <u>Consent to Magistrate Judge Jurisdiction</u>:   The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636.

    ___yes   **X no**      ___likely to agree in future

     10.    <u>Preliminary Pretrial Conference</u>:

Track Two Cases:  Parties
 ___request   (check one)
 **X do not request**

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include: N/A.

     11.    <u>Final Pretrial Conference and Trial</u>:  The parties will be ready for a final pretrial conference on or after <u>February 15, 2017</u> and for trial on or after <u>March 15, 2017</u>.  The parties agree that this **Jury** trial is expected to take approximately <u>30</u> hours.

     12.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

     13.    <u>Other Matters</u>:  None at this time.

[remainder of page intentionally left blank]

Date:  May 27, 2015

| Counsel for Plaintiff Geoffrey Steiner | Counsel for Defendant Ocwen Loan Servicing, LLC |
|---|---|
| s/ Michael Alex Wayslik | *s/ Elizabeth J. Campbell* |
| Michael Alex Wasylik<br>Florida Bar No. 67504<br>Ricardo & Wasylik PL<br>PO Box 2245<br>Dade City, Florida 33526<br>Telephone:   352-567-3173<br>Facsimile:    352-567-3193<br>Email: *service@ricardolaw.com* | Elizabeth J. Campbell<br>Florida Bar Number 0027916<br>Email:  *ecampbell@lockelord.com*<br>LOCKE LORD LLP<br>525 Okeechobee Blvd., Suite 1600<br>West Palm Beach, FL  33401<br>Telephone:  (404) 870-4679<br>Facsimile:  (404) 806-5679 |